# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD LAWRENCE,<br><br>        Plaintiff,<br><br>    v.<br><br>ATLAS TECHNICAL CONSULTANTS, INC., BRIAN FERRAIOLI, L. JOE BOYER, R. FOSTER DUNCAN, LEONARD K. LEMOINE, DANIEL G. WEISS, THOMAS H. HENLEY, RAQUEL G. RICHMOND, and COLLIS TEMPLE III,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Richard Lawrence ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Atlas Technical Consultants, Inc. ("Atlas" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by affiliates of GI Manager L.P. ("GI Partners").[1]

2. On January 30, 2023, the Company entered into an Agreement and Plan of

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

Merger with GI Apple Midco LLC ("Parent") and GI Apple Merger Sub LLC ("Merger Sub").[2] The Merger Agreement provides that Atlas stockholders will receive $12.25 in cash per share of Atlas common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the March 1, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Share Issuance and Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of

---

[2] Parent and Merger Sub are controlled by investment funds advised by GI Partners.

[3] The Special Meeting at which stockholders are asked to approve the Share Issuance and Proposed Transaction currently is scheduled for March 29, 2023.

Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Atlas common stock.

10. Defendant Atlas is a Delaware corporation with its principal executive offices located at 13215 Bee Cave Parkway, Building B, Suite 230, Austin, Texas 78738. Atlas's shares trade on the Nasdaq Global Market under the ticker symbol "ATCX." Atlas is an infrastructure and environmental solutions company and a provider of professional testing, inspection, engineering, environmental, program management and consulting services, offering solutions to public and private sector clients in the transportation, commercial, water, government, education, industrial, healthcare and power markets. The Company's customers include government agencies, quasi-public entities, schools, hospitals, utilities and airports, as well as private sector clients across many industries. Atlas has approximately 124 offices in 41 states.

11. Defendant Brian Ferraioli ("Ferraioli") is and has been Executive Chairman of the Board and a director of the Company at all times relevant hereto. Defendant Ferraioli is an Operating Partner at Bernhard Capital Partners, affiliates of which beneficially own approximately 43% of the Company's common stock.

12. Defendant L. Joe Boyer is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

13. Defendant R. Foster Duncan ("Duncan") is and has been a director of the Company at all times relevant hereto. Defendant Duncan is an Operating Partner at Bernhard Capital Partners.

14. Defendant Leonard K. Lemoine is and has been a director of the Company at all times relevant hereto.

15. Defendant Daniel G. Weiss is and has been a director of the Company at all times relevant hereto.

16. Defendant Thomas H. Henley ("Henley") is and has been a director of the Company at all times relevant hereto. Defendant Henley is also a member of Bernhard Capital Partners' Investment Committee.

17. Defendant Raquel G. Richmond is and has been a director of the Company at all times relevant hereto.

18. Defendant Collis Temple III is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On January 31, 2023, Atlas announced in relevant part:

AUSTIN, Texas, Jan. 31, 2023 (GLOBE NEWSWIRE) -- Atlas Technical Consultants, Inc. (Nasdaq: ATCX) ("Atlas" or the "Company"), a leading provider of infrastructure and environmental solutions, today announced that it has entered into a definitive agreement to be acquired by private investment firm GI Partners in an all-cash transaction valued at approximately $1.05 billion, including outstanding debt.

Under the terms of the transaction, Atlas shareholders will receive $12.25 per share in cash, which represents a premium of approximately 124% over the Company's unaffected closing share price of $5.47 on January 30, 2023. Upon completion of the transaction, Atlas' shares will no longer trade on Nasdaq and Atlas will become a private company.

"We are pleased to have reached this agreement with GI Partners, which we believe will deliver immediate and certain cash value to Atlas shareholders at a significant premium," said Brian Ferraioli, Executive Chairman of the Board of Atlas. "The Board's decision follows careful evaluation of the transaction and a comprehensive review of value creation opportunities for Atlas."

"Since founding Atlas in 2017, we have built one of the largest pure-play professional and technical services businesses, serving infrastructure and environmental markets in the United States," said L. Joe Boyer, Atlas' Chief Executive Officer. "This transaction recognizes the value our team has created over the last five years. Our partnership with GI Partners represents a new and exciting chapter for our employees and our customers. We are aligned in delivering exceptional service and helping our clients design and complete infrastructure projects that improve their communities."

**Transaction Approvals and Timing**

The transaction was unanimously approved by Atlas' Board of Directors, which recommends that Atlas shareholders vote in favor of the transaction.

Affiliates of Bernhard Capital Partners, which own approximately 43% of the outstanding Atlas common stock, have entered into a voting agreement in support of the transaction.

The transaction is expected to close in the second quarter of calendar 2023, subject to approval by Atlas shareholders, receipt of regulatory approvals and other customary closing conditions.

For further information regarding the terms and conditions of the definitive merger agreement, please see Atlas' Current Report on Form 8-K, which will be filed in connection with the transaction.

**Advisors**

BofA Securities is serving as exclusive financial advisor to Atlas, and Kirkland & Ellis LLP and Potter Anderson & Corroon LLP are serving as legal counsel.

Ropes & Gray LLP is serving as legal counsel to GI Partners in connection with the transaction.

**The Materially Incomplete and Misleading Proxy Statement**

21.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on March 1, 2023  The Proxy Statement, which recommends that Atlas stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for Atlas; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, BofA Securities, Inc. ("BofA Securities"); (c) the background of the Proposed Transaction; and (d) potential conflicts of interest faced by BofA Securities and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

22.     The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including Atlas's Unlevered Free Cash Flows ("UFCFs"), as well as the definition of UFCFs and all underlying line items.

6

23. The Proxy Statement further fails to disclose the projection metrics, including Gross Revenue, Net Revenue, Gross Margin, Adjusted EBITDA and Capex, for calendar year 2027 for both the "Base Case" and the "Illustrative Growth/M&A Case" projections.[4]

24. The Proxy Statement also fails to disclose all line items underlying Adjusted EBITDA for both the "Base Case" and the "Illustrative Growth/M&A Case" projections.

*Material Misrepresentations and/or Omissions Concerning BofA Securities' Financial Analyses*

25. The Proxy Statement fails to disclose material information concerning BofA Securities financial analyses.

26. With respect to the *Discounted Cash Flow Analysis* performed by BofA Securities, the Proxy Statement fails to disclose: (a) the Company's potential net operating loss carryforwards; (b) the Company's estimated UFCF for the fiscal year ending December 31, 2027 used to calculate the terminal values for Atlas; and (c) the Company's terminal values.

27. With respect to the *Selected Public Companies Analysis* and *Selected Precedent Transactions Analysis* performed by BofA Securities, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

28. With respect to the analysis of stock price targets performed by BofA Securities, the Proxy Statement fails to disclose the individual price targets observed and the sources thereof.

---

[4] *See* Proxy Statement at 40-41 (disclosing certain of the Company's projection metrics for years 2022 through 2026).

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

29.     The Proxy Statement fails to disclose material information concerning the background leading to the Proposed Transaction, including whether any of the confidentiality agreements include "don't-ask, don't-waive" standstill provisions that are still in effect and presently precluding any of the parties from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning BofA Securities' and Company Insiders' Potential Conflicts of Interest*

30.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by BofA Securities. including whether BofA Securities has performed any services for Atlas in the two years preceding the date of its fairness opinion and, if so, the details of the services provided and any compensation received in connection with such services.

31.     The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of GI Partners' proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.  The Proxy Statement similarly fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Atlas insiders and GI Partners, who participated in all such communications, when they occurred and their content.

32.     The omission of the above-referenced information renders statements in the "Management Projections," "Opinion of the Company's Financial Advisor," "Background of the Merger," and "Interests of the Company's Directors and Executive Officers in the Merger"

sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

33. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Atlas**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Atlas is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

9

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Atlas within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Atlas and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

    A. Preliminarily and permanently enjoining defendants and all persons

acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

      B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

      C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

      D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      E.    Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 2, 2023　　　　　　　　　　**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*